UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| RONTONDA JOHNSON<br>3537 Radcliff Road<br>Cleveland Heights, OH 44121<br><br>on behalf of herself and all others similarly situated,<br><br>      Plaintiff,<br><br>      vs.<br><br>NEW YORK LIFE INSURANCE COMPANY<br>51 Madison Ave<br>New York, New York 10010<br><br>      Defendant. | CASE NO.<br><br>JUDGE<br><br><br><br>**PLAINTIFF'S COMPLAINT**<br><br>(Jury Demand Endorsed Herein) |

Now comes Plaintiff, Rotonda Johnson, by and through undersigned counsel, and for her Complaint against New York Life Insurance Co. ("New York Life" or "Defendant") states and alleges the following:

## INTRODUCTION

1. This is a "collective action" instituted by Plaintiff as a result of Defendant's practices and policies of not paying its non-exempt employees, including Plaintiff and other similarly situated employees, for all hours worked, including overtime compensation at a rate of one and one-half times their regular rate of pay for all of the hours they worked over 40 in a workweek, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as a "class action" pursuant to Fed. R. Civ. P. 23 to remedy violations of the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), R.C. 4111.03.

**JURISDICTION AND VENUE**

2. The Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. The Court has supplemental jurisdiction over Plaintiff's OMFWSA claims pursuant to 28 U.S.C. § 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant conducts business throughout this District and Division and because a substantial part of the events and omissions giving rise to the claims occurred in this District and Division.

**PARTIES**

5. At all times relevant herein, Plaintiff was a citizen of the United States and a resident of Portage County, Ohio.

6. At all times relevant herein, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e) and R.C. § 4111.03(D)(3).

7. Defendant New York Life is an insurance company headquartered in New York, New York.

8. At times relevant herein, Defendant conducted business in Cuyahoga County, Ohio and its maintains a physical address at 200 Public Square, Cleveland, Ohio 44114.

9. At all times relevant herein, Defendant was an employer within the meaning of 29 U.S.C. § 203(d) and R.C. § 4111.03(D)(2).

10. At times relevant herein, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r).

11. At all times relevant herein, Defendant was an enterprise engaged in commerce or

in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

12. At all times relevant herein, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

13. Written consents to join this action as to Count One, as and when executed by other individual plaintiffs, will be filed pursuant to 29 U.S.C. § 216(b).

## FACTUAL ALLEGATIONS

14. Defendant provides call center services to its customers and maintains numerous call centers throughout the United States.

15. Plaintiff Johnson was employed by Defendant between November 2018 and July 2019 in Defendant's call center located at 200 Public Square, Cleveland, Ohio 44114.

16. Plaintiff and other similarly situated employees were employed as customer service representatives throughout the United States.

17. Plaintiff and other similarly situated customer service representatives had the same and/or substantially similar job duties and/or responsibilities and were subjected to the same policies and procedures

18. Plaintiff and other similarly situated customer service representatives were non-exempt employees under the FLSA.

19. Plaintiff and other similarly situated customer service representatives were paid an hourly wage.

**(Failure to Pay For Time Spent Starting and Logging Into
Computer Systems, Applications, and Phone System)**

20. Defendant required Plaintiff and other similarly situated customer service representatives to perform unpaid work before clocking in each day, including but not limited to starting and logging into Defendant's computer systems, numerous software applications, and

3

phone system.

21. Defendant arbitrarily failed to count this work performed by Plaintiff and other similarly situated customer service representatives as "hours worked".

22. Plaintiff and other similarly situated customer service representatives performed this unpaid worked every workday, and it constituted a part of their fixed and regular working time.

23. This unpaid work performed by Plaintiff and other similarly situated customer service representatives was practically ascertainable to Defendant.

24. There was no practical administrative difficulty of recording this unpaid work of Plaintiff and other similarly situated customer service representatives. It could have been precisely recorded for payroll purposes simply by allowing them to clock in and be paid before they brought up Defendant's computer systems, applications, and phone system.

25. This unpaid work performed by Plaintiff and other similarly situated customer service representatives constituted a part of their principal activities, was required by Defendant, and was performed for Defendant's benefit.

26. Moreover, this unpaid work was an integral and indispensable part of other principle activities performed by Plaintiff and other similarly situated customer service representatives, such as their customer service work. They could not perform their customer service work without bringing up Defendant's computer systems, applications, and phone system.

**(Failure to Pay Overtime Compensation)**

27. As a result of Plaintiff and other similarly situated customer service representatives not being paid for all hours worked, Plaintiff and other similarly situated customer service representatives were not paid overtime compensation for all of the hours they worked over 40 each workweek.

28. Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA.

**(Failure to Keep Accurate Records)**

29. Defendant failed to make, keep and preserve records of the unpaid work performed by Plaintiff and other similarly situated customer service representatives before clocking in each day.

30. The amount of time Plaintiff and other similarly situated customer service representatives spent on their required and unpaid work before clocking in and after clocking out amounted to approximately 20 to 30 minutes per day, depending upon whether Defendant's computer systems were working properly.

**COLLECTIVE ACTION ALLEGATIONS**

31. Plaintiff brings Count One of this action on her own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendant's unlawful conduct.

32. The class which Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff is herself a member, is composed of and defined as follows:

> All former and current customer service representatives employed by New York Life at any time between August 21, 2016 and the present.

33. Plaintiff is unable to state at this time the exact size of the potential class, but upon information and belief, avers that it consists of more than several thousand persons.

34. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees and

costs under the FLSA. In addition to Plaintiff, numerous current and former employees are similarly situated with regard to their wages and claims for unpaid wages and damages. Plaintiff is representative of those other employees and are acting on behalf of their interests as well as her own in bringing this action.

35. These similarly situated employees are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action and allowed to opt in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

## **CLASS ACTION ALLEGATIONS**

36. Plaintiff brings Count Two of this action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of herself and all other members of the class ("the Ohio Class") defined as:

> All former and current customer service representatives employed by New York Life in the State of Ohio at any time between August 21, 2016 and the present.

37. The Ohio Class is so numerous that joinder of all class members is impracticable. Plaintiff is unable to state at this time the exact size of the potential Ohio Class, but upon information and belief, avers that it consists of at least several thousand persons.

38. There are questions of law or fact common to the Ohio Class, including but not limited to the following:

> (a) whether Defendant failed to pay overtime compensation to its customer service representatives for hours worked in excess of 40 each workweek; and
>
> (b) what amount of monetary relief will compensate Plaintiff and other members of the class for Defendant's violation of R.C. §§ 4111.03 and 4111.10.

39. The claims of the named Plaintiff are typical of the claims of other members of the Ohio Class. Named Plaintiff's claims rise out of the same uniform course of conduct by Defendant, and are based on the same legal theories, as the claims of the other Ohio Class members.

40. The named Plaintiff will fairly and adequately protect the interests of the Ohio Class. Her interest is not antagonistic to, but rather are in unison with, the interests of the other Ohio Class members. The named Plaintiff's counsel has broad experience in handling class action wage-and-hour litigation, and is fully qualified to prosecute the claims of the Ohio Class in this case.

41. The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the Ohio Class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

42. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Ohio Class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many Ohio Class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

### **COUNT ONE**
**(Fair Labor Standards Act Violations)**

43. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

44. Defendant's practice and policy of not paying Plaintiff and other similarly situated customer service representatives for work performed before clocking in each day violated the FLSA, 29 U.S.C. § 207, 29 C.F.R. § 785.24.

45. Defendant's practice and policy of not paying Plaintiff and other similarly situated customer service representatives overtime compensation at a rate of one and one-half times their regular rate of pay for all of the hours they worked over 40 in a workweek violated the FLSA, 29 U.S.C. § 207.

46. Defendant's failure to keep records of all of the hours worked each workday and the total hours worked each workweek by Plaintiff and other similarly situated employees violated the FLSA, 29 C.F.R. § 516.2(a)(7).

47. By engaging in the above-mentioned conduct, Defendant willfully, knowingly and/or recklessly violated the provisions of the FLSA.

48. As a result of Defendant's practices and policies, Plaintiffs and other similarly situated employees have been damaged in that they have not received wages due to them pursuant to the FLSA.

**COUNT TWO**
**(Violations of Ohio Revised Code § 4111.03)**

49. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

50. Defendant's practice and policy of not paying Plaintiff and other similarly situated customer service representatives for work performed before clocking in each day violated the OMFWSA, R.C. § 4111.03.

51. Defendant's practice and policy of not paying Plaintiff and other similarly situated customer service representatives overtime compensation at a rate of one and one-half times their

regular rate of pay for all of the hours they worked over 40 in a workweek violated the OMFWSA, R.C. § 4111.03.

52. By failing to pay Plaintiff and other similarly situated employees' overtime compensation, Defendant willfully, knowingly and/or recklessly violated the provisions of the OMFWSA, R.C. 4111.03.

53. As a result of Defendant's practices and policies, Plaintiff and other similarly situated employees have been damaged in that they have not received wages due to them pursuant to the OMFWSA.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, and all those similarly situated, collectively pray that this Honorable Court:

A. Issue an order permitting this litigation to proceed as a collective action;

B. Order prompt notice, pursuant to 29 U.S.C. § 216(b), to all class members that this litigation is pending and that they have the right to "opt in" to this litigation;

C. Award Plaintiff and the class she represents liquidated damages equal in amount to the unpaid wages found due to Plaintiffs and the class under the FLSA;

D. Award Plaintiff and class she represents pre- and post-judgment interest at the statutory rate;

E. Award Plaintiff and the class she represents attorneys' fees, costs, and disbursements; and

F. Award Plaintiff and the class she represents further and additional relief as this Court deems just and proper.

Respectfully submitted,

  /s/ Lori M. Griffin
Lori M. Griffin (0085241)
Chastity L. Christy (0076977)
Anthony J. Lazzaro (0077962)
The Lazzaro Law Firm, LLC
920 Rockefeller Building
614 W. Superior Avenue
Cleveland, Ohio 44113
Phone: 216-696-5000
Facsimile: 216-696-7005
lori@lazzarolawfirm.com
chastity@lazzarolawfirm.com
anthony@lazzarolawfirm.com
Attorneys for Plaintiff

## **JURY DEMAND**

Plaintiff demands a trial by jury on all eligible claims and issues.

  /s/ Lori M. Griffin
One of the Attorneys for Plaintiff