UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RONTONDA JOHNSON, on behalf of herself and all others similarly situated, | ) ) ) | CASE NO.: 1:19-cv-01898 |
| Plaintiff, | ) ) ) | CHIEF JUDGE PATRICIA A. GAUGHAN |
| vs. | ) ) | |
| NEW YORK LIFE INSURANCE COMPANY, | ) ) ) | **FINAL ORDER AND JUDGMENT ENTRY** |
| Defendant. | ) ) | |

This case was brought as a putative class and collective action alleging the non-payment of wages/overtime under the Fair Labor Standards Act and state law.  Plaintiff Rontonda Johnson ("Representative Plaintiff", "Class Representative," or "Plaintiff") and Defendant the New York Life Insurance Company ("Defendant") have moved the Court to finally approve, as fair and reasonable, their Joint Stipulation of Settlement and Release (the "Settlement" or "Settlement Agreement") between Plaintiffs and Defendant pursuant to Fed. R. Civ. P. 23(e).

The Settlement has both a Rule 23 (the "Rule 23 Settlement") and FLSA (the "FLSA Settlement") component.  The Court previously granted final approval of the FLSA Settlement and preliminary approval of the Rule 23 Settlement.  Having reviewed the Settlement Agreement, as well as the Parties' Motion for Final Approval of Class Action Settlement Agreement ("Motion for Approval"), the Declaration of Chastity L. Christy appended thereto, the Declaration of Chris Pikus for Rust Consulting, Inc. appended thereto, and the pleadings and papers on file in this Action, and for good cause established therein, the Court enters this Final

Order and Judgment Entry ("Final Order") and hereby ORDERS, ADJUDGES AND DECREES as follows:

1. Unless otherwise defined, all terms used in this Final Order have the same meanings as defined in the Settlement Agreement.

2. On August 21, 2019, Representative Plaintiff Rontonda Johnson initiated this collective action against New York Life Insurance Company ("Defendant" or "NYL") and alleged that NYL unlawfully failed to pay Plaintiff and other similarly-situated overtime eligible employees for all hours worked, including but not limited overtime for alleged "off the clock" work in the form of computer boot-up time and boot-down time in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as a "class action" pursuant to Fed. R. Civ. P. 23 to remedy alleged violations of the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), R.C. 4111.03.  On March 11, 2020, Plaintiff filed her Stipulated Amended Complaint alleging, in addition to the above, class actions pursuant to Fed. R. Civ. P. 23 to remedy alleged violation of the Minnesota Fair Labor Standards Act and the New York Minimum Wage Act.

3. Between October 2019 and January 2020, the Parties engaged in informal discovery regarding Plaintiff's claims and Defendant's defenses to such claims.

4. On January 15, 2020, the Parties participated in an all-day mediation with Mediator Stephen A. Watring, during which the Parties reached an agreement to settle this Action on the terms set forth in the Settlement.

5. The Parties' Joint Motion for Final Approval of FLSA Settlement and Preliminary Approval of Class Action Settlement was filed on May 14, 2020.

6.  The Settlement Agreement proposes to settle claims of Representative Plaintiff and the proposed Rule 23 Class Members. The proposed Rule 23 Settlement is subject to approval by the Court pursuant to Fed. R. Civ. P. 23(e).

7.  The issues in this case were contested. The Settlement Agreement was achieved after arms-length and good faith negotiations between the Parties and their counsel, who have extensive experience litigating FLSA and corresponding state law wage and hour claims.

8.  On May 18, 2020, this Court entered an Order that, among other things, preliminarily approved the Rule 23 Settlement, certified the Rule 23 Class pursuant to Rule 23(a) and (b)(3), and approved the form, content, and method of distribution of notices to Rule 23 Class Members of the pendency of this Action, the proposed Rule 23 Settlement, and the date of the Fairness Hearing ("Rule 23 Class Notice"). The Court also preliminarily approved Representative Plaintiff Rontonda Johnson as class representative of the Class and appointed as class counsel Anthony J. Lazzaro, Chastity L. Christy, and Lori M. Griffin of The Lazzaro Law Firm, and the payment of attorneys' fees and costs to Plaintiffs' Counsel as set forth in the Settlement.

9.  Counsel has filed with the Court a Declaration from the Settlement Administrator, Chris verifying that the Rule 23 Class Notice was distributed to the Rule 23 Class Members in the form and manner approved by the Court, which stated, *inter alia*:

> On June 16, 2020, Class Notices were mailed to 1,643 Class Members contained in the Class List via First Class mail. Of the 1,643 Class Notices mailed, 651 were FLSA Notices that were mailed to FLSA Class Members and 992 were Rule 23 Notices that were mailed to Rule 23 Class Members. The Class Notices advised Class Members that they could submit the enclosed Claim Form. The Rule 23 Notice also advised Rule 23 Class Members that they could submit a written exclusion request, objection and/or dispute postmarked by July 31, 2020. Rust performed 28 address traces on Class Notices returned as undeliverable for the first time as of July 31, 2020. The address trace utilizes the Class Member's name, previous address and Social Security Number for locating a current

address.  Of the 28 traces performed, 24 more current addresses were obtained and Class Notices were promptly re-mailed to those Class Members via First Class mail.  Of the 28 traces performed, Rust did not obtain updated addresses for four (4) undeliverable Class Notices.  Of the 24 Class Notices mailed to a more current address identified from trace, zero (0) Class Notices were returned to Rust as undeliverable a second time.  As of this date, four (4) Class Notices remain undeliverable.

10. The Fairness Hearing was convened as noticed on September 21, 2020.

11. The Court finds that the members of the Rule 23 Class were given notice of the pendency of this Action, the proposed settlement, and the date of the Fairness Hearing as ordered by the Court.  The Court further finds that the notice was reasonable and the best notice practicable, and satisfied all of the requirements of Civ. R. 23 and due process.

12. As to Representative Plaintiff and the Rule 23 Class, the Court finds that the proposed Rule 23 Settlement satisfies the standard for final approval of a class action settlement under Fed. R. Civ. P. 23(e).  The proposed settlement class satisfies Rule 23(a)'s requirements of commonality, numerosity, typicality, and adequacy of representation, as well as Rule 23(b)'s requirements of predominance and superiority.  Representative Plaintiff Rontonda Johnson is an adequate representative of the Rule 23 Class in that she is a member of the class and possesses the same interests and suffered the same injuries as the class's other members.  The definition of the Rule 23 Class encompasses persons with like factual circumstances and like claims.  The settlement payments made available to the members of the Rule 23 Class are commensurate with their alleged claims.  The Court finds that the proposed Rule 23 Settlement is fair, reasonable, and adequate as to the Rule 23 Class, and qualifies for final approval under Rule 23(e).

13. The Court grants final approval of the Rule 23 Settlement and orders that the Rule 23 Settlement be implemented according to its terms and conditions and as directed herein.

14. The Court approves the method of calculation and proposed distribution of the Individual Wage Payments to the Rule 23 Class Members who did not timely opt-out of the Settlement by submitting a timely and proper request for exclusion as described in their Rule 23 Class Notice ("opt-out request") as provided in Appendix 1 to the Settlement Agreement. The Individual Wage Payments are calculated proportionally on each Rule 23 Class Member's overtime damages during the Calculation Period depending on their tenure in a relevant role and hourly rate, after accounting for a minimum payment of $20.00. The Parties have submitted the proposed Schedule of Individual Wage Payments for the Rule 23 Class Members to the Court for approval. The Court approves the Schedule of Individual Wage Payments and orders that such payments be distributed in the manner, and upon the terms and conditions, set forth in the Settlement Agreement to all the Rule 23 Class Members who did not submit an opt-out request.

15. The Court approves the Service Award to Representative Plaintiff in recognition of her service in this Action, and orders that such payment be made in the manner, and upon the terms and conditions, set forth in the Settlement Agreement.

16. The Court approves the payment of attorneys' fees and expenses as provided in the Settlement Agreement as to the Rule 23 Settlement, and orders that such payments be made in the manner, and upon the terms and conditions, set forth in the Settlement Agreement.

17. Representative Plaintiff and Rule 23 Class Members who did not submit opt-out notices are deemed to have signed and agreed to the Settlement and accordingly are found to have released all Released Claims against the Released Parties as provided in the Settlement Agreement and all such Rule 23 Class Members and their successors are permanently enjoined from asserting any Released Claims against the Released Parties.

18. The Court DISMISSES THIS ACTION WITH PREJUDICE.

19. The Parties are to bear their respective attorney's fees and costs except as provided in the Settlement Agreement.

20. The Court retains jurisdiction over this Action for the purpose of enforcing the Settlement Agreement.

21. There being no just reason to delay entry of this Final Order, the Court orders the Clerk of the Court to enter this Final Order immediately.

IT IS SO ORDERED this __21st__ day of __September__, 2020.

**SO ORDERED:**

Date: _____9/21/20_____　　　　　　　　　　_/s/ Patricia A. Gaughan_
　　　　　　　　　　　　　　　　　　　　　Honorable Chief Judge Patricia A. Gaughan